*540 Justice PLEICONES.
I respectfully dissent, and would affirm the well-reasoned opinion of the court of appeals. I agree with the court of appeals that any minimal probative value of the admitted photographs was substantially outweighed by the danger of unfair prejudice and that their admission violated Rule 403, SCRE. In my opinion, the prejudice to Collins from the admission of these photographs requires reversal.
This Court recently addressed to the bench and bar our concern over the admission of gruesome photographs in State v. Torres, 390 S.C. 618, 703 S.E.2d 226 (2010), where we observed:
Although we affirm the admission of the photographs, we take this opportunity to address an area of growing concern to this Court. The photographs at issue in this case, while admissible, are at the outer limits of what our law permits a jury to consider. Moreover, the State also sought to introduce evidence in the form of an autopsy dissection photo at trial, which the trial judge wisely excluded. Today, we strongly encourage all solicitors to refrain from pushing the envelope on admissibility in order to gain a victory which, in all likelihood, was already assured because of other substantial evidence in the case.
Id. at 624, 703 S.E.2d at 229.[5]
In my judgment, the majority has today approved the admission of evidence that far exceeds “... the outer limits of what our law permits a jury to consider.” Id. In my opinion, the only way we can educate the bench and bar as to that which is and is not beyond the pale is to publish these horrific photographs with our opinion.
I would affirm the court of appeals.

. Photographs 31 to 35 at issue here are at least as disturbing as the autopsy dissection photo in Torres.